IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | No. 3:16-cr-474-N (3) |
| | § | |
| ELLIS CANTU, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER OF DETENTION**

Pursuant to the Order Accepting Report and Recommendation of the United States Magistrate Judge Concerning Plea of Guilty, filed May 19, 2017, United States District Judge David C. Godbey has referred this matter to the undersigned United States magistrate judge for a hearing to determine whether it has been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Ellis Cantu should not be detained under 18 U.S.C. § 3143(a)(2) and whether it has been shown by clear and convincing evidence that Defendant Ellis Cantu is likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c). *See* Dkt. No. 61.

## Background

Defendant is set for sentencing before Judge Godbey on July 17, 2017. *See* Dkt. No. 62. "[W]hether a defendant should be released pending trial and whether a defendant should be released pending sentencing or appeal are distinct inquiries governed by different provisions of the Bail Reform Act." *United States v. Lee*, 31 F. App'x 151, No. 01-30876, 2001 WL 1747632, at *1 (5th Cir. Dec. 4, 2001).

-1-

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

As ordered, Defendant filed a Motion for Continued Pretrial Release. *See* Dkt. No. 67. The Court held a hearing on January 12, 2017 on the matters referred by Judge Godbey, at which Defendant appeared in person and through counsel and the government's counsel appeared. *See* Dkt. No. 70.

## Legal Standards and Analysis

As a preliminary matter, Defendant is subject to mandatory detention under Section 3143(a)(2) because he has, on a guilty plea, now been adjudged guilty of Possession of a Controlled Substance in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C). *See* Dkt. Nos. 40, 45, 54, & 61. That is "an offense in a case described in subparagraph (A) ... of subsection (f)(1) of section 3142," specifically, "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)."

-2-

Defendant therefore must be detained pursuant to 18 U.S.C. § 3143(a)(2) unless he meets the conditions of release set forth in Section 3143(a)(2) or 18 U.S.C. § 3145(c). Release of "a person who has been found guilty of an offense in a case described in [18 U.S.C. § 3142(f)(1)(A)] and is awaiting imposition or execution of sentence" requires that "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016) ("The decision to detain Jacqueline after conviction is a common one because of the presumption in favor of detention that attaches to a convicted defendant. *See* 18 U.S.C. § 3143."); *United States v. Lopez*, 504 F. App'x 297, 298 (5th Cir. 2012) ("A defendant who has been convicted 'shall ... be detained' pending sentencing 'unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.' Thus, there is a presumption against release pending sentencing." (footnotes omitted)). As the United States Court of Appeals for the Fifth Circuit has repeatedly recognized, Federal Rule of Criminal Procedure 46(c) and Section 3143(a)(1) impose a burden on a convicted defendant seeking release pending sentencing to show by clear and convincing evidence that he or he is not a flight risk or a danger to the community. *See* 18 U.S.C. § 3143(a)(1); FED. R. CRIM. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."); *United States v. Lockett*, 549 F. App'x 269 (mem.), No. 13-11097, 2013 WL 6623771, at *1 (5th Cir. Dec. 17, 2013).

Further, Defendant must meet the conditions of release set forth in Section 3143(a)(2)(A) or 3145(c). Defendant cannot, and does not claim that he can, satisfy the Section 3143(a)(2)(A) showings that either the judicial officer find that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that an attorney for the government has recommended that no sentence of imprisonment be imposed on Defendant.

18 U.S.C. § 3145(c) provides that "[a] person subject to detention pursuant to [18 U.S.C. §] 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18 U.S.C. §] 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." As reflected in the Report and Recommendation Concerning Plea of Guilty [Dkt. No. 56], Section 3145(c) provides an alternative basis for pre-sentencing release under "exceptional circumstances," so long as Defendant also makes the required showing under Section 3143(a)(1) and 3143(a)(2)(B) – that is, by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or 3142(c) pending sentencing. *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991).

The issue of Defendant's presentencing release begins and ends with whether "it is clearly shown that there are exceptional reasons why [Defendant's] detention [pending sentencing] would not be appropriate." 18 U.S.C. § 3145(c).

The United States Court of Appeals for the Fifth Circuit has explained that the

"exceptional reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions." *Carr*, 947 F.2d at 1240. The United States Court of Appeals for the Second Circuit offers a working definition of "exceptional reasons": "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). That court also explained that, in assessing reasons proffered as the basis for release under Section 3145(c), "a case by case evaluation is essential." *Id.* The United States Court of Appeals for the Eighth Circuit has similarly explained that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (citation omitted). One court has explained that, "to avoid emasculating the mandatory detention statute[,] 'exceptional reasons review is limited to determining whether remanding the defendant to custody until sentencing would be tantamount to subjecting individuals to unjust detention.'" *United States v. Thomas*, No. 10-cr-229, 2010 WL 3323805, at *2 (D.N.J. Aug. 20, 2010) (quoting *United States v. Christman*, 712 F. Supp. 2d 651, 655 (E.D. Ky. 2010)).

District courts in this circuit have noted a variety of circumstances that do not rise to the level of exceptional. *See United States v. Cyrus*, No. 10-0228-04, 2010 WL 5437247, at *1-*2 (W.D. La. Dec. 27, 2010) (need to "secure his home and attend to other personal matters" were not exceptional reasons justifying release pending sentencing); *United States v. Douglas*, 824 F. Supp. 98, 99-100 (N.D. Tex. 1993) (defendant's cooperation with the government that subjected him to potential

retaliation by co-defendants and his attempts at rehabilitation did not constitute exceptional reasons); *United States v. Dempsey*, No. 91-098, 1991 WL 255382, at *1-*2 (E.D. La. Nov. 19, 1991) (poor health, emotional and mental problems, and need to properly prepare his business and his family for his long absence were not exceptional circumstances); *United States v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, at *1-*2 (E.D. Tex. Nov. 22, 1995) (need to assist parent was a purely personal reason that was no more exceptional than those routinely rejected by courts); *see also United States v. Landry*, No. CR 15-32-JWD-SCR, 2015 WL 5202458, at *2-*4 (M.D. La. Sept. 4, 2015); *United States v. Posada*, 109 F. Supp. 3d 911, 912-16 (W.D. Tex. 2015).

Defendant contends that he has demonstrated exceptional circumstances as to why his presentencing detention would not be appropriate as follows:

> a) As a condition of release the Defendant was ordered to "participate in a program of inpatient or outpatient substance abuse therapy" as directed by Pretrial Services. The Defendant was directed to attend an intensive outpatient program at Homeward Bound. The Defendant successfully completed that program as evidenced by the certificate of completion as Exhibit A. While in this program the Defendant actively participated and passed all drug tests given to him during the program and after.
> b) As a condition of release the Defendant was ordered to "actively seek employment." The Defendant upon release became employed by Zenna Restaurant, 3950 Rosemeade Parkway, Dallas. Attached as Exhibit B are representative pay check stubs from Zenna Restaurant.
> c) The Defendant pays child support for his minor children illustrated by the checks attached as Exhibit C.
> d) The Defendant has Court ORDERED custody of his children (age 6 and 2) every other two weeks during the summer. He also has custody every weekend during the year.

Dkt. No. 66 at 2. And, "[i]n addressing 18 U.S.C. § 3142 concerns the Defendant contends that his presence at the detention hearing with knowledge that he very well

may be incarcerated demonstrates conclusively that he is not likely to flee. Further the Defendant contends that his passing all the drug tests while on pretrial release and compliance with all other conditions demonstrates that he does not pose a danger to another person or the community." *Id.* at 4.

As the Court explained at the hearing, the facts that Defendant urges as exceptional circumstances, including his compliance with all of his conditions of pretrial release and his care and support for his young children, are certainly commendable. But the Court determines – as have many other courts when presented with similar arguments for presentencing release – that Defendant's proffered reasons for continuing his release pending sentencing are not, in and of themselves or taken together, a unique combination of circumstances giving rise to a situation that is out of the ordinary. *See United States v. Velarde*, 555 F. App'x 840, 841 (10th Cir. 2014) (noting that "'the cases establish that mere personal reasons, including caring for a family or gainful employment, are not 'exceptional''" (quoting *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008) (collecting cases))); *United States v. Nickell*, 512 F. App'x 660, 661 (8th Cir. 2013) (finding that a defendant's taking care of his children and remaining gainfully employed did not constitute exceptional reasons); *United States v. Mahoney*, 627 F.3d 705, 706 (8th Cir. 2010) ("It is well settled that compliance with the terms of pretrial release is commendable but does not justify release under section 3145(c)."); *Little*, 485 F.3d at 1211 ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release."); *United States v. Larue*, 478 F.3d 924, 925 (8th Cir.

2007) (concluding that a defendant's release pending sentencing was improper because "compliance with the terms of his pretrial release, his lack of a criminal record, his payment of child support, and his ongoing employment are commendable, but they are not are not clearly out of the ordinary, uncommon, or rare" (citation and internal quotation marks omitted)); *United States v. Lea*, 360 F.3d 401, 403-04 (2d Cir. 2004) ("There is nothing 'exceptional about going to school, being employed, or being a first-time offender, either separately or in combination.'")); *United States v. Mostrom*, 11 F.3d 93, 95 (8th Cir. 1993) (holding that "compliance with pretrial supervision and gainful employment up until the date of sentencing are not, in and of themselves, 'exceptional reasons why such person's detention would not be appropriate'").

Under Section 3145(c), a defendant who is compliant with his release conditions and doing everything that he should is – however commendable – not so out of the ordinary and, in that sense, "exceptional" among defendants who are on release at the time that they are found guilty as to justify an exception to Section 3143(a)(2)'s rule of mandatory detention. *See generally United States v. Bernard*, No. 1:12-cr-00022-JAW-02, 2013 WL 145582, at *2 (D. Me. Jan. 14, 2013) ("One way of thinking about compliance with the terms of pretrial release and a lack of significant criminal history is that they make out a necessary but not sufficient showing for release under § 3145(c)."). In light of Section 3142(a)(2)'s mandate, that a defendant has behaved commendably and that he is likely to continue to comply with his release conditions, even when combined with his continuing care and support for his children and desire to maximize his presentencing earnings to pay toward child support, do not amount to

-8-

exceptional reasons why Defendant's detention pending sentencing would not be appropriate or, put another way, why remanding Defendant to custody until sentencing would be tantamount to subjecting him to unjust detention.

## Conclusion

Accordingly, the Court finds that it has not been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Ellis Cantu should not be detained under 18 U.S.C. § 3143(a)(2), and so Defendant Ellis Cantu will be detained pending sentencing. Accordingly, Defendant's Motion for Continued Pretrial Release [Dkt. No. 67] is DENIED.

It is therefore ORDERED that Defendant Ellis Cantu be committed to the custody of the Attorney General and United States Marshal for further proceedings. As ordered at the hearing, Defendant Ellis Cantu must report to and surrender at the U.S. Marshal's Service at 1100 Commerce Street, 16th Floor, Dallas, Texas 75242 on **Monday, June 19, 2017 at 10:00 a.m.** It is ORDERED that Defendant Defendant Ellis Cantu, while being so held, be afforded reasonable opportunity for private consultation with counsel.

SO ORDERED.

DATED: June 14, 2017

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE